UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DANIELLA DAVINA BEARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WEST COLORADO MOTORS, LLC,<br><br>　　　　　Respondent/Cross-Petitioner. | Case No. 24-cv-00624-LB<br><br>**ORDER CONFIRMING ARBITRATION AWARD** |

## INTRODUCTION

The petitioner, who is representing herself and proceeding in forma pauperis, bought a used car from respondent/cross-petitioner AutoNation under a contract that required monthly payments. She stopped payments, contending that the car was not working properly, and sued in Colorado state court. Her retrial-installment contract had an arbitration clause. The respondent moved to compel arbitration, arbitration was compelled, and the respondent counterclaimed for damages because the plaintiff defaulted on her loan. The arbitrator ruled for the respondent, awarding $19,139.77, and ruled against the petitioner, awarding her nothing. The petitioner moved to vacate the award; the respondent moved to confirm it. The court can decide the dispute without oral argument, Civil L. R. 7-1(b), and confirms the award.

# STATEMENT

In July 2019, the petitioner, a citizen of California, bought a used 2016 Ford Escape in Colorado from respondent and cross-petitioner AutoNation, a citizen of Florida.[1] She signed a purchase-sale agreement and a retail-installment sales contract.

The purchase-sale agreement said that the car was sold "as is," disclaimed all warranties, gave the petitioner a right of inspection, and prevented the petitioner from relying on promises by sales representatives that weren't part of a written document signed by the parties." It precluded recovery of "any consequential damages, damages to other property, mental anguish, damages for loss of use of the vehicle[,] . . . loss of time, loss of profits or income, damage to credit or credit reputation, or any other direct or incidental damages arising directly or indirectly" from the agreement.[2]

The retail-installment sale contract called for seventy-five monthly payments of $330.62 beginning in August 2019 and allowed for collection of past-due amounts and attorney's fees for collection efforts of up to fifteen percent of the amount owed. It also has an arbitration provision for all disputes arising under or relating to th[e] contract or the vehicle purchase agreement by binding arbitration" and provides that the Federal Arbitration Act (FAA) controlled the arbitration. The place of arbitration is the federal judicial district where the buyer lives.[3]

At the time of the purchase, the petitioner declined an independent inspection of the vehicle.[4] She contends that the car failed to start two days after she purchased it. She did not make a claim

---

[1] Pet. – ECF No. 1 at 3 (¶ 5); Retail Purchase Agreement – ECF No. 12-1; Answer – ECF No. 9 at 10 (¶ 1). The other party is Fifth Third Bank, a citizen of Ohio, who assumed the loan but later reassigned it back to AutoNation. Answer – ECF No. 9 at 10 (¶ 2), 12 (¶¶ 19, 22). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Retail Purchase Agreement – ECF No. 12-1 at 1; *id.* at 2–3 (¶¶ 11, 13)

[3] Retail Installment Sales Contract – ECF No. 12-2.

[4] Final Award – ECF No. 12-3 at 5 (¶ 2).

under her service agreement with AutoNation.[5] AutoNation installed a new battery.[6] It never transferred the car's registration and title to California.[7]

The petitioner stopped her monthly payments in September 2021.[8] She sued the respondent in Colorado state court in June 2022 for the seller's failure to transfer title and because the car was unfit for its intended purpose. The respondents moved to compel arbitration, arbitration was compelled, and the respondent counterclaimed for damages (the unpaid balance and the fifteen-percent attorney's fees). The arbitration took place in July 2023 by Zoom in Oakland.[9] In November 2023, the arbitrator awarded the respondents $19,139.77 ($16,643.28 in damages and $2,496.49 for the contractual attorney's fees) and found against the plaintiff on her claims regarding the transfer of title and breach of the warranty of fitness, awarding the plaintiff nothing.[10]

The petitioner moved to vacate the award, and the respondent and cross-petitioner moved to confirm it.[11] The parties consented to magistrate-judge jurisdiction and do not dispute the court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).[12]

## ANALYSIS

The court confirms the award.

Under the Federal Arbitration Act ('FAA'), "'judicial review of an arbitration award is both limited and highly deferential.'" *Sayta v. Martin*, No. 16-cv-03775-LB, 2017 WL 491161, at *5 (N.D. Cal. Feb. 7, 2017) (quoting *Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus.*,

---

[5] *Id.* at 3.
[6] *Id.* at 7 (¶ 9); Ex. C-17, Email from Steven Kern – ECF No. 1 at 41.
[7] Final Award – ECF No. 12-3 at 6 (¶ 4).
[8] *Id.* at 6 (¶ 10).
[9] *Id.* at 1.
[10] *Id.* at 8.
[11] Pet. – ECF No. 1 ; Answer & Cross Pet. – ECF No. 9; Cross Pet. – ECF No. 12.
[12] Consents – ECF Nos. 8, 19.

*Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). A court must grant a party's motion to confirm an arbitration award if:

> (a) the parties have agreed that a specified court may enter judgment upon the award; (b) any party to the arbitration award applies to the specified court for confirmation of the award within a year of its issuance; and (c) the court does not vacate, modify, or correct the award under Section 10 or 11 of the FAA.

*Id.* (quoting *Pac. West Sec., Inc. v. George*, No. C-13-4260 JSC, 2014 WL 894843, at *2 (N.D. Cal. Mar. 4, 2014) (citing 9 U.S.C. § 9)). If the parties have not specified a court in their agreement, then the application to confirm the award may be made to the district court where the award was made. *Id.* (citing 9 U.S.C. § 9).

An arbitration award was made in this district, and the applications are timely. The first two conditions are met. As to the remaining condition, courts may vacate an award upon the application of any party to the arbitration under four conditions:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The petitioner contends that the arbitration award should be vacated under subsection (3) because the arbitrator "abused his discretion in refusing to consider more than half" of her "pertinent and material evidence without legal justification" and under subsection (4) because the arbitrator "disregarded the plain text of the contract and made his decision instead of applicable law thus exceeding his authority."[13] She also contends that the arbitrator's conduct "create[d] a reasonable impression of possible bias" against her.[14] These contentions do not warrant vacating the arbitration.

---

[13] Mot. – ECF No. 24 at 3–4.

[14] *Id.* at 6.

"Arbitrators enjoy a wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit." *Peraton Gov't Commc'ns, Inc. v. Hawaii Pac. Teleport LP*, Nos. 21-15395, 21-15607, 2022 WL 3543342, at *3 (9th Cir. Aug. 18, 2022). When an arbitrator "refuses to hear evidence pertinent and material to the controversy," however, "that is misconduct." *Lindsey v. Travelers Com. Ins. Co.*, No. 22-16795, 2023 WL 8613589, at *1 (9th Cir. Dec. 13, 2023) (citing 9 U.S.C. § 10(a)(3)). The party seeking to vacate the award must prove "that the misconduct was prejudicial." *Id.* The key inquiry is whether the arbitrator "gave each of the parties to the dispute an adequate opportunity to present its evidence and arguments." *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010).

Here, the arbitrator considered the petitioner's evidence submitted during the hearing and argued in the closing brief, and he discussed that evidence and each witness's testimony in his order.[15] The complaint really is that the petitioner thinks his crediting of her evidence is unfair and manifests bias. For example, the petitioner contends that the arbitrator refused to consider exhibits concerning her PTSD and status as a disabled veteran and that she discussed them "during the hearing regarding her request for non-economic damages of emotional distress."[16] The arbitrator did consider that evidence but held that the plaintiff did not testify that it affected her ability to contract for the purchase.[17] (The retail-purchase sale agreement disallows the damages that the plaintiff sought.[18])

Second, the arbitrator did not exceed his powers. "Section 10(a)(4) of the FAA provides that a court may vacate an award 'where the arbitrators exceeded their powers.' Arbitrators exceed their powers when they express a 'manifest disregard of law,' or when they issue an award that is 'completely irrational.'" *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (cleaned up). For an award to be in manifest disregard of the law, "there must be some evidence in the record, other

---

[15] Final Award – ECF No. 12-3 at 2–3 (listing the evidence) 3–8 (reviewing the evidence); Final Award – ECF No. 12-3.

[16] Pet. – ECF No. 1 at 9–10 (¶¶ 35–40).

[17] Final Award – ECF No. 12-3 at 3–4.

[18] Retail Purchase Agreement – ECF No. 12-1 at 3 (¶ 13).

than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Bosack*, 586 F.3d at 1104–05 (quoting *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004)). "An award is completely irrational 'only where the arbitration decision fails to draw its essence from the agreement.'" *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (cleaned up).

The award is not irrational, and the arbitrator did not exceed his powers. The petitioner bought a car "as is," stopped making payments, said that she "read and understood" the retail-installment sale contract, and did not return the car.[19] The respondents' witnesses testified that it was the petitioner's responsibility to "cure the California DMV deficiencies" to perfect title and the registration of the vehicle and that she did not do so.[20] The arbitrator thus held that the petitioner could have cured the DMV issues.[21] He also addressed the issues with the car's performance, ultimately deciding that no violation occurred because a new battery had been installed in the car, a service contract covered the emission issues, and there was no evidence to support the petitioner's allegations of liability.[22]

Finally, the petitioner contends that the arbitrator's adverse credibility finding against her, his refusal to consider some of her evidence, and his "decision to primarily blame her, the buyer, for the Seller's negligence . . . create[] a reasonable impression of possible bias."[23] "Section 10(a)(2) of the FAA provides that the court may vacate an arbitration award "[w]here there is evident partiality . . . in the arbitrators." *Woods v. Saturn Dist. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996) (citing 9 U.S.C. § 10(a)(2)). As the party challenging the arbitration award, the petitioner "has the burden of showing partiality." *Id.* "Evident partiality has been found in nondisclosure cases and actual bias cases." *Id.* There is no basis to conclude that there was evident partiality.

---

[19] Final Award – ECF No. 12-3 at 5–6 (¶¶ 1–2, 10–11).

[20] *Id.* at 7 (¶¶ 6, 8).

[21] Final Award – ECF No. 12–3 at 7 (¶ 5).

[22] *Id.* at 7–8.

[23] Mot. – ECF No. 24 at 6.

Otherwise, there was a valid final arbitration award issued in the cross-petitioner's favor. The cross-petitioner has shown that (1) there is a valid arbitration agreement, (2) there is an arbitration award, and (3) notice has been given to confirm the award. 9 U.S.C. § 13. The court thus confirms the award.

## CONCLUSION

The court denies the petition to vacate the award and confirms the award.

**IT IS SO ORDERED.**

Dated: July 9, 2024

LAUREL BEELER
United States Magistrate Judge